**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4544**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

NELSON OMAR MYRIE,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (3:08-cr-00498-HEH-1)

Submitted:  December 22, 2009          Decided:  January 29, 2010

Before KING, SHEDD, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Timothy V. Anderson, ANDERSON & ASSOCIATES, Virginia Beach,
Virginia, for Appellant.  Angela Mastandrea-Miller, OFFICE OF
THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nelson Omar Myrie pled guilty, pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base and possession with intent to distribute fifty grams or more of cocaine base, both in violation of 21 U.S.C. § 841(a) (2006). He was sentenced to 126 months' imprisonment on each count, to be served concurrently. Myrie's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), contending there are no meritorious issues for appeal, but questioning whether the district court erred in denying Myrie's motion to dismiss his indictment or abused its discretion in denying his motion to withdraw his guilty plea. Myrie was advised of his right to file a pro se supplemental brief but did not do so. The Government has moved to dismiss, asserting that Myrie's appeal is precluded by the appeal waiver contained in Myrie's plea agreement. We affirm in part and dismiss in part.

Whether a defendant effectively waived his right to appeal pursuant to a plea bargain is an issue of law that is reviewed de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Where the government seeks to enforce an appeal waiver and the appellant does not contend that the government is in breach of its plea agreement, a waiver will be enforced if the record shows the waiver is valid and the

2

challenged issue falls within the scope of the waiver. Id. An appeal waiver is valid if it is "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citations omitted). To decide whether a defendant's waiver results from a knowing and intelligent decision, we examine "'the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)). Generally, if the district court fully questions a defendant at his Fed. R. Crim. P. 11 proceeding regarding the waiver of his right to appeal, the waiver is both valid and enforceable. See United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). An appeal waiver does not preclude challenges to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor like race, or claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. Id. Moreover, a defendant's waiver of appellate rights cannot foreclose a colorable constitutional challenge to the voluntariness of the guilty plea. See United States v. Attar, 38 F.3d 727, 732-33 n.2 (4th Cir. 1994).

Here, we find that Myrie's waiver of his right to appeal was knowingly and validly entered, and neither Myrie nor his counsel contends otherwise. The district court engaged the defendant in a thorough plea colloquy, verifying, inter alia, that Myrie understood the proceedings, was not under the influence of any drugs, alcohol, or medications, was satisfied with his attorneys' performances, and was actually guilty of the crimes to which he desired to plead guilty. The district court explained to Myrie the rights he was giving up by pleading guilty, specifically articulating that Myrie was waiving his right to appeal. Accordingly, as Myrie was fully questioned during his Rule 11 colloquy regarding his waiver, we find that the waiver is both valid and enforceable as to all issues within its scope. Additionally, because the first issue raised on appeal — whether the district court erred in denying Myrie's motion to dismiss the indictment — clearly falls within the scope of Myrie's appeal waiver, this issue is barred on appeal. Accordingly, we grant the Government's motion to dismiss with regard to this issue.

In the second issue on appeal, Myrie contends that the district court abused its discretion in denying his motion to withdraw his guilty plea, because his attorneys' ineffective assistance rendered the guilty plea involuntary. Because this challenge implicates both the voluntary nature of the guilty

4

plea and Myrie's Sixth Amendment right to counsel, it is not barred by the plea agreement. Therefore, we deny the Government's motion to dismiss as to this issue.

Nevertheless, we find this challenge to be without merit. We review a denial of a motion to withdraw a guilty plea for an abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). A defendant bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request to withdraw. Fed. R. Crim. P. 11(h). In determining whether the trial court abused its discretion in denying a motion to withdraw a guilty plea, we consider six factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or otherwise involuntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between entry of the plea and filing of the motion; (4) whether the defendant has had close assistance of counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources.

Ubakanma, 215 F.3d at 424 (as articulated in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991)). Although each Moore factor must be given appropriate weight, the key in determining whether a motion to withdraw should be granted is whether the plea hearing was properly conducted under Rule 11. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). We

5

closely scrutinize the Rule 11 colloquy and attach a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. Id.

As explained above, the district court properly conducted a thorough plea colloquy in accord with Rule 11. Therefore, we apply a strong presumption that Myrie's plea was final and binding. Additionally, Myrie has offered no evidence that his plea was not knowing or voluntary, Myrie enjoyed the close assistance of two attorneys during all phases of the proceedings, and Myrie has not credibly asserted his legal innocence, as he admitted during his plea colloquy that he committed the crimes he was charged with. Therefore, we find that the district court did not abuse its discretion in denying Myrie's motion to withdraw his guilty plea.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment to the extent that the court denied Myrie's motion to withdraw his guilty plea. The remainder of Myrie's appeal is dismissed. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to

6

withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
